**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAIME KRAMETBAUER | § | |
| | § | |
| *Plaintiff* | § | |
| Vs. | § | CIVIL ACTION NO. 4:16-cv-1035 |
| | § | |
| STATE FARM LLOYDS AND | § | |
| JEREMY KENNEDY | § | |
| | § | |
| *Defendants* | § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds ("State Farm") files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I.
### PROCEDURAL BACKGROUND

1.  On March 9, 2016, Plaintiff Jaime Krametbauer ("Plaintiff") filed her Original Petition and initiated an action identifying State Farm Lloyds and Jeremy Kennedy ("Kennedy") as Defendants in the 268th Judicial District of Fort Bend County, Texas (the "State Court Action").[1]

2.  On March 21, 2016, Defendant State Farm was served with a copy of a Citation and Plaintiff's Original Petition alleging that State Farm breached the insurance agreement and violated several sections of the Texas Insurance Code and Deceptive Trade Practices Act.[2] On March 23, 2016, Defendant Jeremy Kennedy was served with a copy of a Citation and Plaintiff's

---
[1] Exhibit C – Plaintiff's Original Petition.
[2] Exhibit C – Plaintiff's Original Petition; Exhibit D – Citation of State Farm Lloyds.

Original Petition alleging that he violated several sections of the Texas Insurance Code and Deceptive Trade Practices Act.[3]

3. State Farm filed its Original Answer and General Denial on April 8, 2016, and its First Amended Original Answer, General Denial, and Affirmative Defenses on April 15, 2016.[4] Kennedy filed his Original Answer, General Denial, and Affirmative Defenses on April 15, 2016.[5] Plaintiff's Original Petition that serves as a basis for this removal was received by State Farm on March 21, 2016. Defendant State Farm timely filed a Notice of Removal in the State Court Action on April 19, 2016. As such, State Farm removes this lawsuit within the thirty-day guideline of the removal statute.[6] The undersigned also represents Mr. Kennedy, and he does not oppose State Farm's removal.

## II.
## NATURE OF THE SUIT

4. Plaintiff's Original Petition alleges no specific facts other than that "[o]n or about September 1, 2015, or at some other time during the policy period, a storm hit the Richmond, Texas area, damaging Ms. Krametbauer's house and other property."[7] Following that storm, Plaintiff filed a homeowners' insurance claim with State Farm. Plaintiff alleges Defendants improperly denied and/or underpaid the claim.[8] According to Plaintiff's Original Petition, Kennedy, the adjuster assigned by State Farm to handle the claim, conducted an "outcome-

---

[3] Exhibit C – Plaintiff's Original Petition; Exhibit F – Citation of Jeremy Kennedy
[4] Exhibit E – Defendant State Farm Lloyds' Original Answer and General Denial; Exhibit H – Defendant State Farm Lloyds' First Amended Original Answer, General Denial, and Affirmative Defenses.
[5] Exhibit G – Defendant Jeremy Kennedy's Original Answer, General Denial, and Affirmative Defenses.
[6] 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.")
[7] Exhibit C – Plaintiff's Original Petition, at ¶9.
[8] *Id.* at ¶10.

oriented" and/or "substandard" investigation and inspection of the property resulting in the underpayment of Plaintiff's claim.[9]

5. According to Plaintiff's Original Petition, the bases of the legal action are claims in excess of $125,000 for breach of the applicable insurance contract and violations of the Texas Insurance Code and DTPA. Plaintiff also alleges State Farm and Kennedy committed such acts "knowingly."

### III.
### BASIS FOR REMOVAL

6. This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant State Farm pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Plaintiff was, at the time this action commenced, and still is a citizen of the State of Texas.[10]

8. Defendant State Farm was, at the time this civil action commenced, and still is, a citizen of the state of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this civil action was commenced, were, and still are, citizens and residents of the state of Illinois, making State Farm a citizen and resident of the state of Illinois for diversity purposes.[11]

9. Kennedy was the adjuster assigned by State Farm to inspect Plaintiff's property; however, Plaintiff fails to allege any specific facts that establish a valid cause of action against Kennedy. Although Kennedy is a Texas citizen and resident, Plaintiff has not asserted a single

---

[9] *Id.* at ¶¶ 11-13.
[10] Exhibit C– Plaintiff's Original Petition, at ¶1.
[11] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

allegation of any act performed by Kennedy himself that could give rise to any potential liability on behalf of Kennedy.  For instance, there are no specific factual allegations as to when and whether Plaintiff submitted information necessary to process the claim, when State Farm and Kennedy inspected the property, when State Farm made to Plaintiff what she alleges was an underpayment, what misrepresentations Kennedy or State Farm allegedly made, what damages were or were not covered by the Policy, and what explanation State Farm and/or Kennedy did or did not provide.  Instead, Plaintiff recites a few sentences of vague and form allegations regarding Kennedy as a Defendant.[12]  Such generic allegations are insufficient to state a potential right to relief against Kennedy.[13]  As such, Kennedy has been improperly joined in an effort to defeat diversity of citizenship.

10. A defendant may be disregarded as a party if the Court determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal.[14]  "The presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity."[15] Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Kennedy, his presence should be disregarded in determining diversity jurisdiction and he should be dismissed.

11. Because Plaintiff is a citizen of Texas, Defendant State Farm is a citizen of Illinois, and Defendant Kennedy has been improperly joined, complete diversity of citizenship exists among the parties.

12. In Plaintiff's Original Petition, she seeks "monetary relief over $200,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, prejudgment

---

[12] Exhibit C – Plaintiff's Original Petition, at ¶¶ 11-13.
[13] *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999).
[14] *See Gonzales v. Homeland Ins. Co. of New York*, 2011 WL 3104104 at *2 (S.D.Tex. Jul. 25, 2011) (Harmon, J).
[15] *Id*., quoting *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009) (citing S*alazar v. Allstate Tex. Lloyd's, Inc.,*455 F.3d 571, 574 (5th Cir.2006)).

interest, and attorney's fees."[16] This is an insurance "bad faith" case in which Plaintiff seeks damages for Defendants' alleged underpayment of insurance benefits and wrongful handling of Plaintiff's claim resulting from a storm. Plaintiff seeks actual damages for damages to her residence, attorneys' fees, court costs, and statutory penalties under the Texas Insurance Code. Plaintiff further alleges that Defendants knowingly violated the Texas Insurance Code and DTPA, and seeks exemplary and/or treble damages.[17]  Given the nature of Plaintiff's claims against Defendants, and Plaintiff's representation that the damages in this suit exceed $200,000, the alleged damages in this action exceed $75,000, exclusive of interest and costs.[18]

13.     Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

14.     Pursuant to 28 U.S.C. § 1446(a), State Farm has filed with this Notice of Removal a complete copy of the State Court's file, including copies of all process, pleadings, orders and the docket sheet in the State Court Action as identified on the Index of Matters Being Filed.[19]  A copy of the Docket Sheet in the State Court Action is attached as Exhibit B.

15.     Pursuant to 28 U.S.C. § 1446(d), State Farm has notified the clerk of the court in the State Court Action of this removal, and given notice thereof to all adverse parties.

## IV.
## CONCLUSION

16.     The basis for this removal and this Court's jurisdiction is diversity of citizenship. 28 U.S.C. §1332.  Plaintiff is a citizen of Texas. State Farm is a citizen of Illinois.  Kennedy has been improperly joined, and his citizenship should be disregarded.  The amount in controversy, based on the allegations in Plaintiff's Original Petition and the evidence tendered by State Farm,

---

[16] Exhibit C – Plaintiff's Original Petition, at ¶5.
[17] Exhibit C – Plaintiff's Original Petition, at ¶24.
[18] *See Chittick*, 844 F. Supp. at 1155-56.
[19] Exhibit A – Index of Matters Being Filed.

exceeds $75,000, exclusive of interest and costs. As such, this removal action is proper. On these grounds, State Farm hereby removes the referenced State Court Action to this Court. Defendant Kennedy does not oppose removal.

17. WHEREFORE, Defendant State Farm Lloyds respectfully requests that the above-entitled action be removed from the 268th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

Martin, Disiere, Jefferson & Wisdom, L.L.P.

By: */s/ Christopher W. Martin*
Christopher W. Martin
State Bar No. 13057620
Federal I.D. No. 13515
808 Travis Street, 20th Floor
Houston, Texas 77002
Email: martin@mdjwlaw.com
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEY FOR DEFENDANT
STATE FARM LLOYDS**

OF COUNSEL:

Leslie T. Tan
State Bar No. 24046998
Federal I.D. No. 635202
Martin, Disiere, Jefferson & Wisdom, L.L.P.
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above pleading has been forwarded via facsimile, electronic filing and/or certified mail, return receipt requested, on this the 19th day of April 2016 to:

| | |
|---|---|
| Mr. Richard Daly | *Via ECF and facsimile (713) 655-1587* |
| Mr. Sheldon P. Wayne | |
| Daly & Black, P.C. | |
| 2211 Norfolk Street, Ste. 800 | |
| Houston, Texas 77098 | |

*/s/ Leslie T. Tan*
Leslie T. Tan